The Vice-Chancellor.
The right of this case is very plain. Burckmyer & Sons having in their possession, property bought on the joint account of themselves and Addison & Co., with funds raised on bills for which both were liable, assigned the properly for the benefit of their separate creditors.
It is not like a sale to a purchaser for value, who buys on the faith of the apparent ownership of such property in the seller’s possession. Nor is the assignee’s claim as strong as that of a creditor of Burckmyer & Sons would have been, who had given them credit for money or goods, on the faith of such apparent ownership.
As assignee, Vietor received this property subject to all the equities which attached to it in the hands of Burckmyer & Sons. In their hands, I am satisfied, it was subject to an equity in favor of the complainants, that the proceeds of its sale should, in the first instance, be applied to the payment of the acceptances, which were in truth obligations given for its purchase money.
The proceeds in the hands of Vietor must be applied accordingly, and if necessary to accomplish that object, there must be *502 a receiver. An account will be taken of the purchase, sales and payments. The assignee cannot charge commissions as against the joint adventure, but will be entiled to retain them out of the profits belonging to B. & Sons.
Yietor must pay the complainants costs, and charge them to his trust. No costs are given for or against Duckwitz. He answered fully with the others. If he had simply disclaimed, he might have been entitled to costs.
Decree accordingly.